UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KLN STEEL PRODUCTS COMPANY, LTD. | § § § | |
| Plaintiff, | § § | |
| VS. | § | SA-06-CA-0709-XR |
| | § § | |
| CNA INSURANCE COMPANIES, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONTINENTAL CASUALTY COMPANY, AND AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | § § § § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff's motion to remand (Docket No. 6). For the reasons discussed below, the Court concludes that Defendants' removal was procedurally defective because all served defendants failed to join in removal within thirty days from the date that the first Defendant—CNA—was served. The Court finds that Plaintiff timely objected to this procedural defect. Furthermore, the Court finds that the "exceptional circumstances" of this case do not justify an equitable exception to the first-served thirty day removal rule. Accordingly, the Court GRANTS Plaintiff's motion to remand. The Clerk is instructed to REMAND this case to the 150th Judicial District Court of Bexar County, Texas. The Clerk is also instructed to close this case.

**I. Factual and Procedural Background**

On June 19, 2006, Plaintiff KLN filed suit in the 150th Judicial District Court of Bexar

County, Texas against Defendants CNA Insurance Companies, National Fire Insurance Company of Hartford, and Continental Casualty Company (hereinafter referred to as "CNA"). CNA was the only named Defendant in the Original Petition. On July 14, 2006, Plaintiff amended its petition to add American Guarantee and Liability Insurance Company (hereinafter referred to as "AGLIC") as an additional named Defendant. Plaintiff sued for breach of contract for Defendants' alleged failure to defend and indemnify KLN in another lawsuit pending in Illinois (the "Connell/Hi-Tech Lawsuit"). AGLIC was KLN's excess lines insurer, while CNA was KLN's general liability insurer.

On June 19, 2006, KLN filed its Original Petition in state court against CNA, seeking a declaratory judgment and damages for breach of contract.

On June 20, 2006, KLN informed CNA by letter that KLN would "proceed with the enclosed lawsuit" against CNA. KLN enclosed a copy of Plaintiff's Original Petition with this correspondence. As previously mentioned, CNA was the only named Defendant in the Original Petition.

On June 28, 2006, AGLIC informed KLN by letter that it would not defend or indemnify KLN in the Connell/Hi-Tech Lawsuit because CNA, KLN's general liability insurer providing primary coverage to AGLIC, denied coverage to KLN for the Connell/Hi-Tech Lawsuit. Consquently, AGLIC also denied coverage to KLN.

On July 12, 2006, Citation was issued for CNA for service of the Original Petition.

On July 14, 2006, KLN filed its First Amended Petition in state court, adding AGLIC as a named Defendant.

On July 25, 2006, Citation was issued for AGLIC for service of the First Amended Petition.

On July 25, 2006, CNA was served with Citation and a copy of KLN's Original Petition.

On August 2, 2006, AGLIC was served with Citation and a copy of KLN's First Amended Petition. The return of service was filed with the state court on August 10, 2006.

On August 18, 2006, CNA filed its Notice of Removal in this Court on the basis of diversity of citizenship. On that same day, CNA filed its Notice of Removal with the state court.

On August 30, 2006, AGLIC filed its Original Answer in state court.

On August 31, 2006, AGLIC filed its own Notice of Removal with this Court on the basis of diversity of citizenship.

CNA filed its Notice of Removal on August 18, 2006, twenty-four days after it was served with process. AGLIC filed its Notice of Removal on August 31, 2006, twenty-nine days after it was served with process, but thirty-seven days after CNA was served.

## II. Legal Analysis

The parties do not challenge that complete diversity exists between the parties, and the amount in controversy is over $75,000.[1] The issue in this case is whether Defendants' removal was proper pursuant to 28 U.S.C. § 1446.

Defendants are required to file for removal within thirty days of receipt of service of process. 28 U.S.C. § 1446(b). Importantly, the thirty day deadline for removal begins once a defendant is formally served with both the summons and complaint, and not a "mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

If multiple defendants exist, all defendants must join in the removal petition under § 1446.

---

[1] Defendants are citizens of Illinois and New York, and Plaintiff is a citizen of Texas. The amount in controversy exceeds $75,000.

*Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262-63 (5th Cir. 1988). Defendants must all join the removal petition within thirty days after the first defendant is served.[2] *Getty Oil,* 841 F.2d at 1263. While the time limitation for removal is not jurisdictional, and, therefore, may be waived, failure to petition for removal within thirty days may render removal improvident within the meaning of 28 U.S.C. § 1447(c). *Brown*, 792 F.2d at 481; *London v. U.S. Fire Ins. Co.*, 531 F.2d 257, 260 (5th Cir.1976).

Removal statutes are to be strictly construed against removal. *Brown*, 792 F.2d at 482; *Getty Oil,* 841 F.2d at 1263 n.13. Any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Doubt regarding whether removal is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). All properly joined defendants must join in the removal or the petition is defective. *Getty Oil,* 841 F.2d at 1263. Joinder is not required of Defendants who have not been served at the time the notice of removal is filed. *Thompson v. Louisville Ladder Corp.*, 835 F. Supp. 336, 338 fn. 3 (E.D. Tex. 1993). Furthermore, "exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the

---

[2]Although the Court recognizes that other Circuits have rejected the first-served thirty day removal rule, this rule is still good law in the Fifth Circuit, and this Court is bound to follow it. *Brown,* 792 F.2d at 481*; Getty Oil,* 841 F.2d at 1262-63*; see New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 887 fn. 4 (5th Cir. 1998)(collecting cases); *see Gillis v. State of Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002)(affirming the first-served rule but finding that the "exceptional circumstances" of the case justified an equitable exception to the rule); *see United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)(stating that the first-served rule "has been apparently adopted by the majority of Courts that have addressed the issue"); *but see Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999)(rejecting the first-served rule and holding that the later-served defendant has thirty days from the date of its own service to remove a case with the consent of the remaining defendants); *but see Marana Enter. of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001)(rejecting the first-served rule).

first defendant is served."[3]  *Brown*, 792 F.2d at 482; *Getty Oil,* 841 F.2d at 1263 n.12.  If "exceptional circumstances" exist, then an "equitable exception" might permit removal "even when a defendant fails to comply fully with § 1446 within the thirty day removal period." *Gillis*, 294 F.3d at 759.

Plaintiff KLN argues that removal is improper because Defendant AGLIC did not timely join the removal petition within thirty days after CNA was served with process in violation of section 1446. KLN relies on *Getty Oil* for the argument that all defendants must consent or join in the removal within thirty days after the first defendant is served. KLN asserts that it served AGLIC after CNA because of the timing of AGLIC's rejection of KLN's final demand letter, not as an unfair litigation tactic to prejudice Defendants.  KLN further argues that CNA was on "constructive notice" of AGLIC's joinder because AGLIC's Return of Service was on file with the district court clerk on August 10, 2006, eight days before CNA filed for removal.[4]  *See Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992).  In addition, KLN states that Plaintiff's Amended

---

[3]In *Brown*, Plaintiff sued Defendant Best, Defendant Cameron, and Defendant Cooper ("first-served Defendants") in Louisiana state court seeking damages for personal injury.  792 F.2d at 480.  The first-served Defendants did not remove within thirty days from the date that the first Defendant was served.  *Id.* at 481.  After a lengthy period of discovery, Plaintiff joined Defendant FMC/WECO ("later-served Defendant") more than four years after the state court action was filed. *Id*. at 480. The later-served Defendant filed for removal within thirty days of its service, and the first-served Defendants concurred in the removal. *Id.* The district court denied Plaintiff's motion to remand, and the Fifth Circuit reversed, holding that removal was improvident and remand was required.  *Id.*  The Fifth Circuit held that the first-served Defendants' failure to remove within thirty days of service on the first-served Defendant acted as a removal waiver for the later-served Defendant.  *Id.* at 481-82.  The Court found that an equitable exception to the first-served rule did not apply because no evidence suggested that Plaintiff delayed naming FMC/WECO as a Defendant in a "bad faith effort to prevent removal." *Id.* at 482.

[4]AGLIC filed its return of service with the state court on August 10, 2006, and CNA filed its notice of removal with the state court and this Court on August 18, 2006.

5

Petition was on file with the court since July 14, 2006, naming AGLIC as an additional Defendant, further giving CNA constructive notice. KLN reasons that CNA had the opportunity to discover AGLIC's joinder and knew where to seek it out, but failed to do so. KLN argues that Defendants cite no legal authority requiring it to serve CNA with the Amended Petition after CNA was already served with the Original Petition. KLN further argues that August 24, 2006 was the thirty day deadline for all Defendants to file for removal. Since AGLIC was served on August 2, 2006, AGLIC had over two weeks to communicate with CNA before CNA filed for removal on August 18, 2006. Therefore, KLN moves for remand due to these procedural defects in Defendants' removal.

Defendant CNA argues that it was never served with Plaintiff's Amended Petition, so it was never given notice of AGLIC's joinder by KLN. CNA also argues that it properly filed its Notice of Removal within thirty days from the date that it was served and that AGLIC consented to the removal when it filed its Notice of Removal within thirty days after AGLIC was served. By citing to non-Fifth Circuit cases, CNA insinuates that the first-served rule might no longer be good law in the Fifth Circuit. Even if this Court applies the Fifth Circuit's first-served rule, CNA argues that "exceptional circumstances" justify an equitable exception to the rule when removing defendants are unaware of the joinder of other defendants. AGLIC argues that Defendants should not be prejudiced by Plaintiff's failure to serve CNA with the Amended Petition naming AGLIC as an additional Defendant.

Similarly, AGLIC argues that it properly consented to removal and properly filed within the thirty day time period after it was served. AGLIC states that when its attorney contacted CNA to secure consent for removal, it discovered that CNA had already properly filed its own removal with this Court. Thus, AGLIC argues that "exceptional circumstances" justify an equitable exception to

the first-served rule because CNA was unaware that AGLIC was joined in the suit prior to CNA's filing for removal. Lastly, AGLIC argues that this Court has equitable power to permit removal under exceptional circumstances when non-subject matter jurisdictional defects are correctable. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 fn.8 (5th Cir. 2003).

**A.  KLN's service of the Original Petition on CNA instead of the First Amended Petition was not defective; however, KLN was still required to serve CNA with the First Amended Petition pursuant to Tex. R. Civ. P. 21.**

KLN's service of Citation and Original Petition on CNA instead of the First Amended Petition was not defective. In *Seeley v. KCI USA, Inc.*, the Fourth Court of Appeals in San Antonio held that service is not defective merely because the return shows that Defendant was not served the "live" pleading in the case. 100 S.W.3d 276, 278 (Tex. App.—San Antonio 2002, no pet.). In *Seeley*, Defendant Kern Medical was a named Defendant in the Original Petition, which was filed on July 12, 2000. *Id.* On September 26, 2000, KCI amended the petition, adding Seeley as a named Defendant. *Id.* The return of service, dated October 20, 2000, revealed that Kern Medical was served with the Original Petition, not the Amended Petition. *Id.* Kern Medical sought to overturn a default judgment rendered against it on the basis of defective service of process. *Id.* at 277. The Fourth Court of Appeals overruled Kern Medical's objection, holding that service was not defective because CNA was a named party in the Original Petition and the Plaintiff did not seek a more onerous judgment in the Amended Petition than prayed for in the Original Petition.[5] *Id.* at 278. Similarly, KLN's service of the Original Petition on CNA instead of the Amended Petition did not render that service defective because CNA was a named Defendant in both the Original Petition and the

---

[5] The Fourth Court of Appeals ultimately reversed the default judgment rendered against Kern Medical for a different reason. *See* 100 S.W.3d at 279.

Amended Petition and the Amended Petition did not seek a more onerous judgment against CNA.[6]

*Id.*

KLN states that there is no legal authority requiring it to serve CNA with its Amended Petition. While it is true that KLN's service on CNA was not defective, KLN was still required to serve CNA with a copy of the Amended Petition pursuant to Rule 21.

Rule 21 of the Texas Rules of Civil Procedure requires the following:

> **Every pleading**, plea, motion or application to the court for an order, whether in the form of a motion, plea or other form of request, unless presented during a hearing or trial, shall be filed with the clerk of the court in writing, shall state the grounds therefor, shall set forth the relief or order sought, **and at the same time a true copy shall be served on all other parties**, and shall be noted on the docket . . . .
> If there is **more than one other party** represented by different attorneys, **one copy of such pleading shall be delivered or mailed to each attorney** in charge.

TEX. R. CIV. P. 21 (emphasis added). In addition, Rule 65 specifies that:

> Unless the substituted instrument shall be set aside on exceptions, **the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record** of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation.

---

[6]One prominent commentator states that "[i]f the plaintiff amends the petition before service by adding parties, claims, or damages, the amended petition must be attached to the citation." MICHOL O'CONNOR & BYRON DAVIS, O'CONNOR'S TEXAS RULES * CIVIL TRIALS 2006, Chap. 2-H §2.9 (2006). O'Connor cites to *Primate Constr. v. Silver*, 884 S.W.3d 151, 152-53 (Tex. 1994), and *Seeley*, 100 S.W.3d at 277-78, to support this position. After reviewing these two cases, the Court finds that *Silver* and *Seeley* stand for the narrower legal principle that failure to serve the most current "live" pleading constitutes defective service only when the Defendant is served with the Original Petition but not named as a Defendant until the Amended Petition. For example, in *Seeley*, the Fourth Court of Appeals held that service on Defendant Kern Medical of the defunct Original Petition that named Kern Medical was not defective, but service of the defunct Original Petition on Defendant Seeley that did not name Seeley was defective. 100 S.W.3d at 277-78. In this case, CNA was named as a Defendant in both the Original Petition and the Amended Petition; therefore, service was not defective.

TEX. R. CIV. P. 65 (emphasis added). Thus, KLN's Original Petition was superceded by the Amended Petition and the Original Petition was no longer a valid pleading. *See Drake Insurance Company v. King*, 606 S.W.2d 812, 817 (Tex. 1980). The Original Petition that KLN served on CNA was not a valid pleading because KLN's Amended Petition was filed with the state court before CNA was served. TEX. R. CIV. P. 65.

The Court sees no reason why KLN failed to initially serve CNA a copy of the Amended Petition instead of the Original Petition, because the Amended Petition was filed with the state court almost two weeks before CNA was served.[7] After filing the Amended Petition, KLN could have easily procured a new Citation issued for CNA for service of the Amended Petition.[8] Notwithstanding this fact, KLN could simply have mailed the Amended Petition to CNA via certified mail or some other method pursuant to Rule 21a. *See Southwestern Construction Receivables, Ltd., v. Regions Bank*, 162 S.W.3d 859, 865 (Tex. App.— Texarkana 2005, pet. denied)(stating that "[a] plaintiff who amends its petition may serve the defendant . . . by complying with the filing and serving requirements of Rules 21 and 21a"). KLN is at fault for not providing CNA with a copy of the Amended Petition. KLN is obligated to at least provide a courtesy copy of the Amended Petition to CNA pursuant to Rule 21, even if that Amended Petition is not served on CNA pursuant to Rule 106.

KLN argues that CNA had not appeared at the time the Amended Petition was filed;

---

[7] KLN filed the Amended Petition on July 14, 2006 and served CNA with the Original Petition on July 25, 2006.

[8] Service is defective unless the return of service correctly identifies the version of the petition that was actually served on Defendant. *See* Tex. R. Civ. P. 107; *see Primate Constr.*, 884 S.W.2d at 152. "Upon request, separate or additional citations shall be issued by the clerk." Tex. R. Civ. P. 99(a).

therefore, KLN had no ability to serve CNA's legal counsel with the Amended Petition prior to CNA's removal because CNA's counsel of record in the case had not yet been identified. First, KLN most certainly knew how to contact CNA, even though KLN might not have known the exact identity of the CNA's attorney. Second, Rule 21 does not distinguish between parties who have made an appearance and parties who have not.[9] The Court finds that while KLN's service of the Original Petition on CNA was not defective,[10] KLN's failure to serve a copy of the Amended Petition on CNA pursuant either to Rule 106 or Rule 21 offends traditional notions of professional courtesy and raises at least the appearance of impropriety and gamesmanship.

**B.    Despite KLN's failure to serve CNA with a copy of the Amended Petition, the Court**

---

[9] The Court acknowledges that Rule 21 probably does not contemplate the bizarre facts regarding service of process in this case. Nevertheless, the fact remains that no Texas case law supports the conclusion that KLN's service on CNA was defective.

[10] *Seeley* held that service of a defunct petition does not constitute defective service for purposes of setting aside a default judgment. From a policy perspective, this holding is sound because if Defendant Kern Medical was served with a defunct petition that named Kern Medical, then Kern Medical was still on notice of the lawsuit and could appear before default. Thus, in *Seeley*, Kern Medical was not prejudiced by service of a defunct petition. In contrast, CNA was prejudiced by the service of the defunct Original Petition because that petition did not put CNA on notice that AGLIC was joined in the lawsuit. Thus, the "notice" policy underlying *Seeley* is justified in a state court default judgment context, but not necessarily in a federal court removal context. Consequently, the "exceptional circumstances" of this case might justify an equitable exception to the first-served rule based upon this policy consideration. While the Court's application of this exception is based upon equity, the Court's calculation of the thirty day deadline based upon the date of service is not. Based on *Seeley*, the Court finds that KLN's service of the Original Petition on CNA was not defective, and the thirty day deadline for filing a notice of removal began to accrue on July 25, 2006, the date of service on CNA. *See Murphy Brothers*, 526 U.S. at 354 (stating that the thirty day period for removal runs immediately upon effective service under state law); *see City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)(when service becomes effective is determined by state law). Therefore, both CNA and AGIC were required to consent to removal before August 24, 2006. Because AGLIC did not consent to removal on or before August 24, 2006, the Court must now consider whether "exceptional circumstances" justify an equitable exception to the first-served thirty day removal rule.

**finds that "exceptional circumstances" do not justify an equitable exception to the first-served thirty day removal rule in this case because (1) CNA had constructive notice of AGLIC's joinder for eight days before CNA's removal, (2) AGLIC had actual notice of CNA's joinder for sixteen days before CNA's removal, (3) the Court considers AGLIC and CNA to be legally sophisticated parties, and (4) AGLIC's failure to consent to removal was completely unaffected by any action of KLN.**

KLN's failure to serve CNA with a copy of the Amended Petition prejudiced CNA because the Original Petition did not put CNA on actual notice of the joinder of AGLIC to the lawsuit. The Court previously noted that the "notice" policy justification for the *Seeley* holding is not applicable to the facts of this case. In the absence of any fault on the part of CNA and AGLIC, this "exceptional circumstance" would probably lead this Court to permit an equitable exception to the first-served rule. However, the Court finds that CNA and AGLIC are not innocent victims of KLN's gamesmanship. Case law supports the conclusion that CNA had constructive notice of AGLIC's joinder because AGLIC's return of service had been on file with the state court for eight days before removal. Additionally, CNA neglected to review the state court docket sheet before filing for removal. More significantly, AGLIC had actual notice of CNA's joinder for sixteen days before CNA's removal because KLN served AGLIC with the Amended Petition. Therefore, AGLIC's failure to contact CNA before CNA's removal was completely unaffected by any action of KLN.[11]

---

[11]Even if this Court had concluded that CNA was totally innocent and was the victim of KLN's gamesmanship, the fact remains that AGLIC failed to consent to removal and missed the thirty day deadline through no fault of KLN. Fifth Circuit precedent clearly holds that the intentional or accidental actions of one named Defendant can prevent all other named Defendants from removing a case to federal court. *Deshotel*, 142 F.3d at 887 fn. 4; *Brown*, 792 F.2d at 482 (holding that if the first-served Defendant wants to remain in state court and does not file a motion to removal within thirty days of service, then later-served Defendants, even Defendants who are served more than thirty days after the first Defendant is served, cannot complain). Under this view, the first Defendant's failure to file a timely removal operates as a removal waiver for all Defendants; therefore, unless some of the original thirty day time period is remaining, later-served Defendants have no right to remove. Although this rule might encourage "unfair litigation tactics," the Fifth Circuit believes that the equitable exception to the first-served

This mistake is exacerbated by the fact that AGLIC's letter to KLN revealed that as early as June 28, 2006, AGLIC knew that CNA had denied coverage on KLN's claim and that CNA was a proper party to this lawsuit.

CNA had constructive notice of AGLIC's joinder for eight days before CNA's removal.[12] In *Milstead*, the Court stated the following:

> [T]his Court holds joinder in or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served. The second requirement encompasses the served defendants whom the removing defendant(s) actually knew had been served. This requirement also mandates that the removing defendant(s) obtain the consent or joinder of the other defendant(s) whom the removing defendant(s) should have been aware of because of the constructive notice of the filing of the return of service in the state court. The constructive notice element should only be applied to removing defendants who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such other defendants.

*Milstead*, 797 F. Supp. at 573. Based on *Milstead*, this Court concludes that CNA should have been aware of AGLIC's joinder because AGLIC's return of service had been on file with the state court for eight days before CNA removed. In *Milstead*, the Court found that the equitable exception to the first-served rule should apply because the return of service of the later-served Defendant was filed with the state court slightly less than three hours before the first-served Defendant removed. 793 F. Supp. At 573. In contrast, AGLIC's return of service had been on file with the state court for eight days. CNA was required to obtain AGLIC's consent for removal within thirty days of service

---

rule will adequately address this issue. *See United Computer Systems*, 298 F.3d at 762 (stating that the first-served rule might encourage "unfair litigation tactics"); *Brown*, 792 F.2d at 482 (stating that an equitable exception to the first-served rule should be invoked when the Court determines that Plaintiff engaged in a "bad faith effort to prevent removal").

[12]AGLIC filed its return of service with the state court on August 10, 2006, and CNA filed its notice of removal with the state court and this Court on August 18, 2006.

on CNA because CNA should have been aware of AGLIC's joinder.

CNA failed to examine the state court docket sheet before filing for removal. The Court recognizes that the Local Rules for the Western District of Texas do not require a removing party to file the state court docket sheet with the notice of removal.[13] Regardless of whether CNA was required to file the state court docket sheet with its notice of removal, this Court agrees with the *Milstead* position that in most cases, the Defendant will be charged with constructive notice of the content of the state court docket sheet when that Defendant files for removal.

The uncontroverted evidence indicates that AGLIC had actual notice of CNA's joinder at least sixteen days before CNA filed for removal. Even after CNA filed for removal on August 18, 2006, AGLIC still failed to file its consent to that removal within the thirty day deadline, which fell on August 24, 2006. Additionally, the letter from AGLIC to KLN, dated June 28, 2006, clearly indicates that AGLIC knew that CNA had declined coverage on KLN's claim and that CNA was a proper party to this lawsuit. Thus, the Court finds that AGLIC failed to give consent to removal within the thirty day time period.

The Court finds that the equitable exception to the first-served thirty day rule is not appropriate in this case. Removal statutes are to be strictly construed against removal. *Brown*, 792 F.2d at 482. While the Court certainly does not condone KLN's failure to serve CNA with a copy of the Amended Petition, the Court finds that KLN's action, considered in the context of CNA and AGLIC's inaction, cannot be characterized a "bad faith effort to prevent removal." On the contrary, CNA and AGLIC had ample opportunity to remove. The Court finds it quite significant that

---

[13]In contrast, the Local Rules for the Southern District of Texas do require the Defendant to file a copy of the state court docket sheet with its notice of removal. *See* LR 81.

AGLIC's failure to consent to removal was completely unaffected by any action of KLN. *See* fn. 11. Both CNA and AGLIC are insurance companies who are intimately familiar with the procedural intricacies of the removal process—including the Fifth Circuit's strict unanimity requirement. *See Brown*, 792 F.2d at 482. The facts of this case are simply not equivalent to the extreme factual situations in *Milstead* and *Gillis* that justified the Court's invocation of the equitable exception. Remand is mandatory upon a finding of a defect in removal procedure that has been preserved by a timely filed motion to remand. 28 U.S.C. § 1447(c); *Thompson*, 835 F. Supp. at 340. When notice of removal is procedurally defective because of failure to obtain the consent of all Defendants within the thirty day period, subsequent amendment "cannot be used as a means to cure what is otherwise a substantive defect in the removal proceeding." *See Marshall v. Skydive Am. South*, 903 F. Supp. 1067, 1070-71 (E.D. Tex. 1995).

### III. Conclusion

Plaintiff's motion to remand is GRANTED. The Court finds that KLN's service of the Original Petition on CNA instead of the First Amended Petition was not defective; however, KLN was still required to serve CNA with the First Amended Petition pursuant to Tex. R. Civ. P. 21. Despite KLN's failure to serve CNA with a copy of the Amended Petition, the Court finds that "exceptional circumstances" do not justify an equitable exception to the first-served thirty day removal rule in this case because (1) CNA had constructive notice of AGLIC's joinder for eight days before CNA's removal, (2) AGLIC had actual notice of CNA's joinder for sixteen days before CNA's removal, (3) the Court considers AGLIC and CNA to be legally sophisticated parties, and (4) AGLIC's failure to consent to removal was completely unaffected by any action of KLN. The Court concludes that Defendants' removal was procedurally defective because all served defendants

failed to join in removal within thirty days from the date that the first Defendant—CNA—was served.  The Court finds that Plaintiff timely objected to this procedural defect. The Clerk is instructed to REMAND this case to the 150th Judicial District Court of Bexar County, Texas.  The Clerk is also instructed to close this case.

    It is so ORDERED.

    SIGNED this 6th day of November, 2006.

                                      XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE